UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/10/2015

DAVID LOVITCH and JESSICA LOVITCH,

                      Plaintiffs,

– against –

ALLYSON LOVITCH, et al.,

                      Defendants.

**OPINION AND ORDER**
11 Civ. 2536 (ER) (LMS)

RAMOS, D.J.:

      Before the Court is the Report and Recommendation ("R&R") dated August 12, 2014 of Magistrate Judge Lisa Margaret Smith, to whom this matter was referred for an inquest as to damages following an entry of default judgment against three individual defendants. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

I. Background

      David Lovitch ("David") and his wife, Jessica Lovitch ("Jessica" and, together with David, "Plaintiffs"), commenced this action against Allyson Lovitch ("Allyson"), Laurel Ralph ("Laurel"), Richard Ralph ("Richard"), the County of Orange (the "County"), and Frank Basile ("Basile" and, collectively with Allyson, Laurel, Richard, and the County, "Defendants") on April 13, 2011. Compl. (Doc. 1). In their Complaint, Plaintiffs allege claims for false arrest and malicious prosecution under federal and state law against all Defendants, a claim for negligence against the County and Basile, an investigator employed by the County, and a claim for intentional infliction of emotional distress against David's ex-wife, Allyson, and her parents, Laurel and Ralph. *Id.* ¶¶ 9-10, 13, 16. Plaintiffs' claims stem from a "bitter custody battle"

between David and Allyson, which resulted in accusations of child abuse against David and his consequent arrest, targeting by State and County investigators, and criminal prosecution. *Id.* ¶¶ 17-29. Although the charges against David were eventually dismissed, shortly before trial, he and Jessica allege that they suffered irreparable emotional and financial harm as a result of Defendants' separate and collective actions. *Id.* ¶¶ 28-29.

This Court held a status conference on May 15, 2012 at which Plaintiffs' counsel and counsel for Basile and the County were present, but at which neither Allyson, Richard, and Laurel nor their counsel appeared.[1] On June 12, 2012, the Court issued an Order directing Defendants to show cause why an order should not be issued granting entry of a partial default judgment against Allyson, Richard, and Laurel. Doc. 20. On July 13, 2012, the Court held a show cause hearing and status conference. Again, Plaintiffs' counsel and counsel for Basile and the County were present, but neither Allyson, Richard, and Laurel nor their counsel appeared. Accordingly, on July 20, 2012, the Court entered default judgment against Allyson, Richard, and Laurel as to liability. Doc. 22. On November 20, 2013, the Court referred this action to Magistrate Judge Smith to conduct an inquest to determine an appropriate award of damages plus attorneys' fees, if any, for Plaintiffs' claims against Allyson, Laurel, and Richard. Doc. 50.[2]

In an R&R dated August 12, 2014, Magistrate Judge Smith recommends that a default judgment be entered against Allyson, Laurel, and Richard in the amount of $110,000. Doc. 57 at 2. The R&R noted that objections, if any, would be due by August 29, 2014 and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id.* at 22.

---

[1] Although Magistrate Judge Smith's R&R refers to this conference as taking place on May 5, 2012, the Court's records indicate that it took place on May 15, 2012.

[2] Basile and Plaintiffs reached a settlement, and this action was discontinued as to Basile on September 18, 2012. Doc. 23. On July 19, 2013, the Court granted the County's motion for summary judgment in full, dismissing all of Plaintiffs' claims against the County. Doc. 46.

Neither Plaintiffs nor Defendants filed objections. They have therefore waived their right to object to the R&R. *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)).

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III. Conclusion

No party has objected to the R&R. The Court has reviewed Magistrate Judge Smith's thorough R&R and finds no error, clear or otherwise. Rather, Magistrate Judge Smith reached her determination after a careful review of the parties' submissions. Doc. 57 at 2-21. The Court

therefore ADOPTS Magistrate Judge Smith's recommended judgment regarding damages for the reasons stated in the R&R and REFERS back to Magistrate Judge Smith future applications, if any are filed.

The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997)).

It is SO ORDERED.

Dated: March 10, 2015
      New York, New York

                                    Edgardo Ramos, U.S.D.J.